SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

STEPHANIE LYNN JONES,
as personal representative of the
ESTATE OF RODRICK JONES,
deceased and as mother and
natural guardian of KEVIN JONES,
ESSENCE JONES, EBONY JONES,
MYKAL JONES, XAVIER JONES,
ERIQUE JONES and RODRIQUE
JONSE,
        Plaintiff,

vs.  No. CV 2010-05520

BRANDON CARR, individually and
in his official capacity as an Albuquerque
Police officer and the CITY OF ALBUQUERQUE,
a municipal corporation,

        Defendants.

SUMMON(S) ISSUED

## COMPLAINT FOR PERSONAL INJURIES

    COMES NOW the plaintiff, Stephanie Lynn Jones, by and through her attorneys of record, Fine Law Firm (Joseph M. Fine, Mark D. Fine and Bradford K. Goodwin), for their complaint state that:

    1.    This is a civil rights action for money damages arising under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983 for civil rights violations and for conspiracy to commit and to cover up civil rights violations. Plaintiffs also allege state law claims under New Mexico Wrongful Death Act and the New Mexico Tort Claims Act over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367. Plaintiffs have complied with all notice requirements set out in the New Mexico Tort Claims Act.

**REOPENED**





pursuant to 28 U.S.C. Section 1367. Plaintiffs have complied with all notice requirements set out in the New Mexico Tort Claims Act.

2. Jurisdiction is proper pursuant to 28 U.S.C. Sections 1331(a) and 1344(a)(3).

3. Plaintiff, Stephanie Lynn Jones, is a citizen of the United States and at all times material hereto was a resident of the State of New Mexico; Plaintiff Stephanie Lynn Jones, is the duly appointed personal representative of the Estate of Rodrick Jones and is a resident of the State of New Mexico; at the time of his death, plaintiff's decedent, Rodrick Jones, was a citizen of the United States and was a resident of the State of New Mexico.

4. At all times material, Defendant Brandon Carr, was employed as a full-time, salaried, duly certified law enforcement officer with the Albuquerque Police Department which is maintained by the Defendant, City of Albuquerque, a municipal corporation, duly authorized under the laws of the State of New Mexico.

5. Defendant Brandon Carr is sued individually and in his official capacity.

6. At all times material, Defendant Brandon Carr, acted under the color of law and under the ordinances, policies and customs of the Defendant City of Albuquerque, and in the course and scope of his employment with the City of Albuquerque.

7. On November 26, 2009, defendant Brandon Carr and fellow police officer, Spencer Guillory, responded to a silent alarm.

8. According to Officer Spencer Guillory, the officers saw Rodrick Jones, deceased, run by them and enter an open sliding glass door.

9. While the police officers have stated that Officer Brandon Carr shot Rodrick Jones while inside the residence when Rodrick Jones appeared to be reaching towards his back pocket, bullet casings were found outside of the residence near the front door.

10. APD's ballistic staff has indicated that, contrary to the testimony of Officers Brandon Carr and Spencer Guillory, the position of the bullet casings and the analysis of the angles of the bullets indicate that at least one shot was fired outside of the residence.

11. According to defendant Brandon Carr, when Rodrick Jones was running outside of the residence, his back was turned to the police officers and he did not pose a threat to the police officers.

12. Rodrick Jones, at all material times, was unarmed.

13. The fatal shot with respect to Rodrick Jones, deceased, occurred while Rodrick Jones was outside of the residence while not posing a threat to APD officers Brandon Carr and Spencer Guillory or any other individual.

14. Defendant Brandon Carr intentionally fired his gun and killed the plaintiff's decedent, Rodrick Jones.

15. The defendant Brandon Carr's conduct was unreasonable and excessive in relation to the force necessary, if any, under the circumstances.

16. Defendant Brandon Carr's conduct constituted an unreasonable seizure, in violation of Plaintiff's decedent's rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution.

17. Defendant Brandon Carr's actions or omissions constituted a deprivation of the following clearly established federal civil rights.

    a. Plaintiff's decedent's constitutional rights under the Fourth Amendment to the United States Constitution to be free from illegal searches and seizures.

    b. His constitutional rights under the Fourteenth Amendment to the United States Constitution to not be deprived of life or liberty without due process of law, and

    c. His constitutional rights under the Fourth and Fourteenth Amendments to be free from unjustified intrusions into his personal security and bodily integrity.

18. The actions described above also constituted assault and battery, false arrest and false imprisonment, all in violation of New Mexico law.

19. If the above-described actions of the Defendant Brandon Carr were not reckless or undertaken with deliberate indifference, they were negligent and a direct and proximate cause of the plaintiff's decedent's injuries; defendant Brandon Carr proximately caused the wrongful death of Rodrick Jones as a result of a battery.

20. The duly authorized agents and employees of the City of Albuquerque, while acting within the scope of their employment, were negligent.

21. Under the concept of "respondeat superior," the City of Albuquerque, as principal, is responsible for the negligent conduct of its agents and is further liable for its failure to properly train and supervise its agents and employees.

4

22. As a direct and proximate result of Defendant Brandon Carr's conduct set forth above, plaintiff's decedent suffered serious physical injuries and ultimately death, as well as a loss of enjoyment of life and a future loss of earning capacity, medical expenses, lost wages and other expenses attendant to his death. As a further direct and proximate result of defendant's actions, plaintiff's decedent's family has suffered and will continue to suffer loss of his household services, which is reasonably anticipated into the future. As a further direct and proximate result of the defendant's actions, and the resulting death of the decedent, the minor children of the decedent, Kevin Jones, Essence Jones, Ebony Jones, Mykal Jones, Xavier Jones, Erique Jones and Rodrique Jones, have experienced, and will continue to experience a loss of the company, society, cooperation, affection and joy of their relationship with their father, the decedent. Plaintiff, Stephanie Lynn Jones, as personal representative of the estate of Rodrick Jones, deceased, and as mother and natural guardian of the children of herself and Rodrick Jones, are entitled to compensatory damages.

23. Defendant Brandon Carr, acted in bad faith, willfully, knowingly and purposefully with the specific intent to deprive plaintiff's decedent of his constitutional rights, and further acted in a grossly negligent manner, recklessly, wantonly, oppressively, willfully and in reckless, callous and deliberate disregard and indifference for plaintiff's decedent's constitutional rights. As a result of the nature of Defendant Brandon Carr's conduct, plaintiff is entitled to recover punitive damages.

WHEREFORE, plaintiff respectfully requests for judgment as follows:

1. Compensatory damages in an as yet undetermined amount jointly and severally against all defendants.

5

2.   Punitive damages in as yet undetermined amounts severally against each of the named defendants on the federal claims alleged above.

3.   Trial by jury on all issues so triable.

4.   Pre- and post-judgment interest.

5.   Reasonable costs and attorneys fees incurred in bringing this action.

6.   Such other relief as the Court deems just and proper.

_____
JOSEPH M. FINE
MARK D. FINE
Attorneys for Plaintiff
Fine Law Firm
220 Ninth St., NW
Albuquerque, NM 87102
(505) 243-4541


BRADFORD K. GOODWIN
Goodwin Law Office
Attorney for Plaintiff
1201 Rio Rancho Dr., SE
Suite D
Rio Rancho, NM 87124
(505) 896-94776

6