SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

No.   CV  2010 0 5 5 2 0



2010 MAY -5  PM 12: 45

*Juanita M Duran*

IN THE MATTER OF THE ESTATE
OF RODERICK JONES, deceased.

## PETITION TO APPOINT
## PERSONAL REPRESENTATIVE UNDER
## THE WRONGFUL DEATH ACT §41-2-3, NMSA 1978

JUDGE ALAN MALOTT

COMES NOW, the Petitioner, Stephanie Lynn Jones, the wife of Roderick Jones,

deceased, pursuant to Section 41-2-3, NMSA 1978, and hereby requests that the

District Court issue an order appointing her personal representative under §41-2-3,

NMSA 1978, for the purpose of pursuing a wrongful death claim on behalf of Roderick

Jones, now deceased.

AS GROUNDS, the Petitioner state as follows:

1.      Roderick Jones died on November 7, 2009, in Albuquerque, New Mexico.

2.      At the time of death, Roderick Jones was 42 years old.

3.      The names and addresses of the heirs of Roderick Jones are:

| NAME | DOB | RELATIONSHIP |
|------|-----|--------------|
| Stephanie Lynn Jones | 8/17/66 | Wife |
| Kevin Jones | 8/28/93 | Son |
| Essence Jones | 12/8/95 | Daughter |
| Ebony Jones | 12/8/95 | Daughter |
| Mykal Jones | 3/24/98 | Son |
| Xavier Jones | 4/13/03 | Son |
| Erique Jones | 11/8/06 | Daughter |

*Amended 9/15/10*

Rodrique Jones          8/26/09              Son

4.     The Petitioner intends to pursue an action for civil rights violations and wrongful death damages pursuant to §41-2-3, NMSA 1978 against those who may be responsible for the death of Roderick Jones.

5.     The District Court has authority to make this appointment under the New Mexico Wrongful Death Act.  In Re the Estate of Sumler, 133 NM 319 (Ct. App. 2002).

WHEREFORE, the Petitioner, Stephanie Lynn Jones, respectfully requests that this Court issue an order appointing her personal representative under Section 41-2-3, NMSA 1978, for the purpose of pursing a wrongful death action in connection with the death of her husband, Roderick Jones.

Respectfully submitted,

JOSEPH M. FINE
Attorney for Petitioner
Fine Law Firm
220 Ninth St. NW
Albuquerque, NM 87102
Tel. No.:  (505) 243-4541
Fax No.:  (505) 242-2716

2010 MAY -6  AM 11: 57

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

No.: _____

IN THE MATTER OF THE ESTATE OF
RODERICK JONES, deceased.

## ORDER APPOINTING PERSONAL REPRESENTATIVE
## UNDER THE WRONGFUL DEATH ACT §41-2-3, NMSA 1978

THIS MATTER having come before the Court on the Petitioner's

application to appoint him/her personal representative under the Wrongful

Death Act, and the Court being fully advised of the premises,

FINDS that Petitioner should be appointed personal representative.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that

Stephanie Lynn Jones is hereby appointed as personal representative

under §41-2-3, NMSA 1978, for the purpose of pursuing a wrongful death

action in connection with the death of her husband, Roderick Jones.

_____
DISTRICT COURT JUDGE

Approved by:

_____
JOSEPH M. FINE
Attorney for Petitioner

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

FILED
SECOND JUDICIAL DISTRICT

2010 AUG 19  AM 11: 33

*Geraldine M Duran*

STEPHANIE LYNN JONES,
as personal representative of the
ESTATE OF RODRICK JONES,
deceased and as mother and
natural guardian of KEVIN JONES,
ESSENCE JONES, EBONY JONES,
MYKAL JONES, XAVIER JONES,
ERIQUE JONES and RODRIQUE
JONSE,

      Plaintiff,

SUMMON(S) ISSUED

vs.

No. CV 2010-05520

BRANDON CARR, individually and
in his official capacity as an Albuquerque
Police officer and the CITY OF ALBUQUERQUE,
a municipal corporation,

      Defendants.

## COMPLAINT FOR PERSONAL INJURIES

COMES NOW the plaintiff, Stephanie Lynn Jones, by and through her attorneys

of record, Fine Law Firm (Joseph M. Fine, Mark D. Fine and Bradford K. Goodwin), for

their complaint state that:

1.     This is a civil rights action for money damages arising under the Fourth

and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section

1983 for civil rights violations and for conspiracy to commit and to cover up civil rights

violations.  Plaintiffs also allege state law claims under New Mexico Wrongful Death Act

and the New Mexico Tort Claims Act over which this Court has supplemental jurisdiction

pursuant to 28 U.S.C. Section 1367.  Plaintiffs have complied with all notice

requirements set out in the New Mexico Tort Claims Act.

**REOPENED**





pursuant to 28 U.S.C. Section 1367.  Plaintiffs have complied with all notice requirements set out in the New Mexico Tort Claims Act.

2.    Jurisdiction is proper pursuant to 28 U.S.C. Sections 1331(a) and 1344(a) (3).

3.    Plaintiff, Stephanie Lynn Jones, is a citizen of the United States and at all times material hereto was a resident of the State of New Mexico; Plaintiff Stephanie Lynn Jones, is the duly appointed personal representative of the Estate of Rodrick Jones and is a resident of the State of New Mexico;  at the time of his death, plaintiff's decedent, Rodrick Jones, was a citizen of the United States and was a resident of the State of New Mexico.

4.    At all times material, Defendant Brandon Carr, was employed as a full-time, salaried, duly certified law enforcement officer with the Albuquerque Police Department which is maintained by the Defendant, City of Albuquerque, a municipal corporation, duly authorized under the laws of the State of New Mexico.

5.    Defendant Brandon Carr is sued individually and in his official capacity.

6.    At all times material, Defendant Brandon Carr, acted under the color of law and under the ordinances, policies and customs of the Defendant City of Albuquerque, and in the course and scope of his employment with the City of Albuquerque.

7.    On November 26, 2009, defendant Brandon Carr and fellow police officer, Spencer Guillory, responded to a silent alarm.

8.    According to Officer Spencer Guillory, the officers saw Rodrick Jones, deceased, run by them and enter an open sliding glass door.

2

9.     While the police officers have stated that Officer Brandon Carr shot Rodrick Jones while inside the residence when Rodrick Jones appeared to be reaching towards his back pocket, bullet casings were found outside of the residence near the front door.

10.     APD's ballistic staff has indicated that, contrary to the testimony of Officers Brandon Carr and Spencer Guillory, the position of the bullet casings and the analysis of the angles of the bullets indicate that at least one shot was fired outside of the residence.

11.     According to defendant Brandon Carr, when Rodrick Jones was running outside of the residence, his back was turned to the police officers and he did not pose a threat to the police officers.

12.     Rodrick Jones, at all material times, was unarmed.

13.     The fatal shot with respect to Rodrick Jones, deceased, occurred while Rodrick Jones was outside of the residence while not posing a threat to APD officers Brandon Carr and Spencer Guillory or any other individual.

14.     Defendant Brandon Carr intentionally fired his gun and killed the plaintiff's decedent, Rodrick Jones.

15.     The defendant Brandon Carr's conduct was unreasonable and excessive in relation to the force necessary, if any, under the circumstances.

16.     Defendant Brandon Carr's conduct constituted an unreasonable seizure, in violation of Plaintiff's decedent's rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution.

17.    Defendant Brandon Carr's actions or omissions constituted a deprivation of the following clearly established federal civil rights.

a.    Plaintiff's decedent's constitutional rights under the Fourth Amendment to the United States Constitution to be free from illegal searches and seizures.

b.    His constitutional rights under the Fourteenth Amendment to the United States Constitution to not be deprived of life or liberty without due process of law, and

c.    His constitutional rights under the Fourth and Fourteenth Amendments to be free from unjustified intrusions into his personal security and bodily integrity.

18.    The actions described above also constituted assault and battery, false arrest and false imprisonment, all in violation of New Mexico law.

19.    If the above-described actions of the Defendant Brandon Carr were not reckless or undertaken with deliberate indifference, they were negligent and a direct and proximate cause of the plaintiff's decedent's injuries; defendant Brandon Carr proximately caused the wrongful death of Rodrick Jones as a result of a battery.

20.    The duly authorized agents and employees of the City of Albuquerque, while acting within the scope of their employment, were negligent.

21.    Under the concept of "respondeat superior," the City of Albuquerque, as principal, is responsible for the negligent conduct of its agents and is further liable for its failure to properly train and supervise its agents and employees.

22.    As a direct and proximate result of Defendant Brandon Carr's conduct set forth above, plaintiff's decedent suffered serious physical injuries and ultimately death, as well as a loss of enjoyment of life and a future loss of earning capacity, medical expenses, lost wages and other expenses attendant to his death.  As a further direct and proximate result of defendant's actions, plaintiff's decedent's family has suffered and will continue to suffer loss of his household services, which is reasonably anticipated into the future.  As a further direct and proximate result of the defendant's actions, and the resulting death of the decedent, the minor children of the decedent, Kevin Jones, Essence Jones, Ebony Jones, Mykal Jones, Xavier Jones, Erique Jones and Rodrique Jones, have experienced, and will continue to experience a loss of the company, society, cooperation, affection and joy of their relationship with their father, the decedent.  Plaintiff, Stephanie Lynn Jones, as personal representative of the estate of Rodrick Jones, deceased, and as mother and natural guardian of the children of herself and Rodrick Jones, are entitled to compensatory damages.

23.    Defendant Brandon Carr, acted in bad faith, willfully, knowingly and purposefully with the specific intent to deprive plaintiff's decedent of his constitutional rights, and further acted in a grossly negligent manner, recklessly, wantonly, oppressively, willfully and in reckless, callous and deliberate disregard and indifference for plaintiff's decedent's constitutional rights.  As a result of the nature of Defendant Brandon Carr's conduct, plaintiff is entitled to recover punitive damages.

WHEREFORE, plaintiff respectfully requests for judgment as follows:

1.    Compensatory damages in an as yet undetermined amount jointly and severally against all defendants.

FILED
SECOND JUDICIAL DISTRICT

2010 AUG 19  AM 11: 33

*Juanita M Duran*

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

STEPHANIE LYNN JONES, as personal
representative of the ESTATE OF RODRICK JONES,
deceased and as mother and natural guardian of
KEVIN JONES, ESSENCE JONES, EBONY JONES,
MYKAL JONES, XAVIER JONES, ERIQUE JONES
and RODRIQUE JONES,

          Plaintiff,

vs.                        No. CV 2010 - 05520

BRANDON CARR, individually and in his
official capacity as an Albuquerque Police officer
and the CITY OF ALBUQUERQUE, a municipal corporation,

          Defendants.

## PLAINTIFF'S CERTIFICATION REGARDING ARBITRATION UNDER LOCAL RULE 2-603

    I, Joseph M. Fine , Counsel for Plaintiff Stephanie Lynn Jones, certify that:

    ___    This case <u>is</u> subject to referral to arbitration under Local Rule 2-603. No party seeks relief other than a money judgment and no party seeks an award in excess of $25,000.00 exclusive of punitive damages, interest, costs and attorneys' fees.

    <u>X</u>    This case <u>is not</u> subject to referral to arbitration under Local Rule 2-603, because at least one party seeks an award in excess of $25,000.00, exclusive of punitive damages and exclusive of interest, costs and attorneys' fees.

JOSEPH M. FINE
Counsel for Plaintiff
220 9th Street, N.W.
Albuquerque, NM   87102
Tel. No.:  (505) 243-4541

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

FILED
SECOND JUDICIAL DISTRICT

10 SEP -2 PM 3:28

*Juanita M. Duran*

**STEPHANIE LYNN JONES,**
**As personal representative of the**
**ESTATE OF RODERICK JONES,**
**Deceased and as mother and**
**Natural guardian of KEVIN JONES,**
**ESSENCE JONES, EBONY JONES,**
**MYKAL JONES, XAVIER JONES,**
**ERIQUE JONES and RODRIQUE**
**JONES,**

                **Plaintiff,**

**vs.**                                                    **No. CV-2010-05520**

**BRANDON CARR, individually and**
**In his official capacity as an Albuquerque**
**Police Officer and the CITY OF ALBUQUERQUE,**
**A municipal corporation,**

                **Defendants.**

## ACCEPTANCE OF SERVICE AND ENTRY OF APPEARANCE

        **COMES NOW** Kathryn Levy, Deputy City Attorney and hereby accepts service and

enters her appearance on behalf of Defendants Brandon Carr and City of Albuquerque this 2nd

day of September, 2010

                              **CITY OF ALBUQUERQUE**
                              Robert J. Perry
                              City Attorney

                              _____
                              Kathryn Levy
                              Deputy City Attorney
                              P.O. Box 2248
                              Albuquerque, New Mexico 87103
                              Phone: (505) 768-4500
                              Fax: (505) 768-4625



GERALDINE LOPEZ

I hereby certify that a true copy
of the foregoing was faxed and
mailed to:

Joseph M. Fine
Bradford K. Goodwin
Fine Law Firm
220 Ninth Street, N.W.
Albuquerque, New Mexico 87102
Phone: (505) 243-4541
Fax:  (505) 242-2716

this 2nd day of September, 2010.

_____
Kathryn Levy
Deputy City Attorney

2

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

FILED
SECOND JUDICIAL DISTRICT

10 SEP 15  AM 11: 35

*CATHY CHAVEZ*

STEPHANIE LYNN JONES,
as personal representative of the
ESTATE OF RODRICK JONES,
deceased and as mother and
natural guardian of KEVIN JONES,
ESSENCE JONES, EBONY JONES,
MYKAL JONES, XAVIER JONES,
ERIQUE JONES and RODRIQUE
JONSE,
        Plaintiff,

vs.

No. CV 2010-05520

BRANDON CARR, individually and
in his official capacity as an Albuquerque
Police officer and the CITY OF ALBUQUERQUE,
a municipal corporation,

        Defendants.

## AMENDED COMPLAINT FOR PERSONAL INJURIES

COMES NOW the plaintiff, Stephanie Lynn Jones, by and through her attorneys

of record, Fine Law Firm (Joseph M. Fine, Mark D. Fine and Bradford K. Goodwin), for

their amended complaint state that:

    1.    This is a civil rights action for money damages arising under the Fourth

and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section

1983 for civil rights violations and for conspiracy to commit and to cover up civil rights

violations.  Plaintiffs also allege state law claims under New Mexico Wrongful Death Act

and the New Mexico Tort Claims Act over which this Court has supplemental jurisdiction

pursuant to 28 U.S.C. Section 1367.  Plaintiffs have complied with all notice

requirements set out in the New Mexico Tort Claims Act.

1

**Amendme**
Marina Hernandez

2.      Jurisdiction is proper pursuant to 28 U.S.C. Sections 1331(a) and 1344(a)(3).

3.      Plaintiff, Stephanie Lynn Jones, is a citizen of the United States and at all times material hereto was a resident of the State of New Mexico; Plaintiff Stephanie Lynn Jones, is the duly appointed personal representative of the Estate of Rodrick Jones and is a resident of the State of New Mexico;  at the time of his death, plaintiff's decedent, Rodrick Jones, was a citizen of the United States and was a resident of the State of New Mexico.

4.      At all times material, Defendant Brandon Carr, was employed as a full-time, salaried, duly certified law enforcement officer with the Albuquerque Police Department which is maintained by the Defendant, City of Albuquerque, a municipal corporation, duly authorized under the laws of the State of New Mexico.

5.      Defendant Brandon Carr is sued individually and in his official capacity.

6.      At all times material, Defendant Brandon Carr, acted under the color of law and under the ordinances, policies and customs of the Defendant City of Albuquerque, and in the course and scope of his employment with the City of Albuquerque.

7.      On November 6, 2009, defendant Brandon Carr and fellow police officer, Spencer Guillory, responded to a silent alarm.

8.      According to Officer Spencer Guillory, the officers saw Rodrick Jones, deceased, run by them and enter an open sliding glass door.

9.     While the police officers have stated that Officer Brandon Carr shot Rodrick Jones while inside the residence when Rodrick Jones appeared to be reaching towards his back pocket, bullet casings were found outside of the residence near the front door.

10.     APD's ballistic staff has indicated that, contrary to the testimony of Officers Brandon Carr and Spencer Guillory, the position of the bullet casings and the analysis of the angles of the bullets indicate that at least one shot was fired outside of the residence.

11.     According to defendant Brandon Carr, when Rodrick Jones was running outside of the residence, his back was turned to the police officers and he did not pose a threat to the police officers.

12.     Rodrick Jones, at all material times, was unarmed.

13.     The fatal shot with respect to Rodrick Jones, deceased, occurred while Rodrick Jones was outside of the residence while not posing a threat to APD officers Brandon Carr and Spencer Guillory or any other individual.

14.     Defendant Brandon Carr intentionally fired his gun and killed the plaintiff's decedent, Rodrick Jones.

15.     The defendant Brandon Carr's conduct was unreasonable and excessive in relation to the force necessary, if any, under the circumstances.

16.     Defendant Brandon Carr's conduct constituted an unreasonable seizure, in violation of Plaintiff's decedent's rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution.

17.    Defendant Brandon Carr's actions or omissions constituted a deprivation of the following clearly established federal civil rights.

a.    Plaintiff's decedent's constitutional rights under the Fourth Amendment to the United States Constitution to be free from illegal searches and seizures.

b.    His constitutional rights under the Fourteenth Amendment to the United States Constitution to not be deprived of life or liberty without due process of law, and

c.    His constitutional rights under the Fourth and Fourteenth Amendments to be free from unjustified intrusions into his personal security and bodily integrity.

18.    The actions described above also constituted assault and battery, false arrest and false imprisonment, all in violation of New Mexico law.

19.    If the above-described actions of the Defendant Brandon Carr were not reckless or undertaken with deliberate indifference, they were negligent and a direct and proximate cause of the plaintiff's decedent's injuries; defendant Brandon Carr proximately caused the wrongful death of Rodrick Jones as a result of a battery.

20.    The duly authorized agents and employees of the City of Albuquerque, while acting within the scope of their employment, were negligent.

21.    Under the concept of "respondeat superior," the City of Albuquerque, as principal, is responsible for the negligent conduct of its agents and is further liable for its failure to properly train and supervise its agents and employees.

22.     As a direct and proximate result of Defendant Brandon Carr's conduct set forth above, plaintiff's decedent suffered serious physical injuries and ultimately death, as well as a loss of enjoyment of life and a future loss of earning capacity, medical expenses, lost wages and other expenses attendant to his death.  As a further direct and proximate result of defendant's actions, plaintiff's decedent's family has suffered and will continue to suffer loss of his household services, which is reasonably anticipated into the future.  As a further direct and proximate result of the defendant's actions, and the resulting death of the decedent, the minor children of the decedent, Kevin Jones, Essence Jones, Ebony Jones, Mykal Jones, Xavier Jones, Erique Jones and Rodrique Jones, have experienced, and will continue to experience a loss of the company, society, cooperation, affection and joy of their relationship with their father, the decedent.  Plaintiff, Stephanie Lynn Jones, as personal representative of the estate of Rodrick Jones, deceased, and as mother and natural guardian of the children of herself and Rodrick Jones, are entitled to compensatory damages.

23.     Defendant Brandon Carr, acted in bad faith, willfully, knowingly and purposefully with the specific intent to deprive plaintiff's decedent of his constitutional rights, and further acted in a grossly negligent manner, recklessly, wantonly, oppressively, willfully and in reckless, callous and deliberate disregard and indifference for plaintiff's decedent's constitutional rights.  As a result of the nature of Defendant Brandon Carr's conduct, plaintiff is entitled to recover punitive damages.

WHEREFORE, plaintiff respectfully requests for judgment as follows:

1.     Compensatory damages in an as yet undetermined amount jointly and severally against all defendants.

5

2.   Punitive damages in as yet undetermined amounts severally against each of the named defendants on the federal claims alleged above.

3.   Trial by jury on all issues so triable.

4.   Pre- and post-judgment interest.

5.   Reasonable costs and attorneys fees incurred in bringing this action.

6.   Such other relief as the Court deems just and proper.


JOSEPH M. FINE
MARK D. FINE
Attorneys for Plaintiff
Fine Law Firm
220 Ninth St., NW
Albuquerque, NM  87102
(505)  243-4541


BRADFORD K. GOODWIN
Goodwin Law Office
Attorney for Plaintiff
1201 Rio Rancho Dr., SE
Suite D
Rio Rancho, NM 87124
(505)  896-94776

2010 SEP 16 AM 11: 19

SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO
STATE OF NEW MEXICO

STEPHANIE LYNN JONES, as personal
representative of the ESTATE OF RODRICK JONES,
deceased and as mother and natural guardian of
KEVIN JONES, ESSENCE JONES, EBONY JONES,
MYKAL JONES, XAVIER JONES, ERIQUE JONES
and RODRIQUE JONES,
                    Plaintiff,

vs.                                          No.  CV 2010-05520

BRANDON CARR, individually and in his
official capacity as an Albuquerque Police officer
and the CITY OF ALBUQUERQUE, a municipal corporation,
                    Defendants.

## CERTIFICATE OF SERVICE

Comes now Joseph M. Fine, Attorney for Plaintiff and hereby certifies that

on the 15 day of September, 2010, an original and one copy of Plaintiff's First Set of

Interrogatories and Plaintiff's First Request For Production of Documents were sent to

opposing counsel of record, Kathryn Levy, City of Albuquerque Legal Department, PO

Box 2248, Albuquerque, New Mexico 87103-2248.

Joseph M. Fine
Attorney for Plaintiff
220 Ninth Street, N.W.
Albuquerque, New Mexico  87102
Telephone:  505-243-4541

MARCE J. CHAVE

I hereby certify that a true
copy of the foregoing was sent
to opposing counsel of record
this ⟶15 day of ⟶Sept⟶,
2010.

BY: ⟶⟶⟶⟶⟶⟶⟶⟶

JOSEPH M. FINE

2

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PETITION TO APPOINT PERSONAL REPRESENTATIVE UNDER THE WRONGFUL DEATH ACT &41-2-3, NMSA 1978: FILED MAY 05, 2010**
**ORDER APPOINTING PERSONAL REPRESENTATIVE UNDER THE WRONGFUL DEATH ACT &41-2-3, NMSA 1978: FILED MAY 06, 2010**
**COMPLAINT FOR PERSONAL INJURIES: FILED AUGUST 18, 2010**
**ACCEPTANCE OF SERVICE AND ENTRY OF APPEARANCE: SEPTEMBER 02, 2010**
**AMENDED COMPLAINT FOR PERSONAL INJURIES: FILED SEPTEMBER 15, 2010**
**CERTIFICATE OF SERVICE: FILED SEPTEMBER 16, 2010**


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



0..0
TE OF NEW MEXICO                    )
                                    ) ss.
COUNTY OF BERNALILLO                )

I the undersigned, Clerk of the District Court of the Second Judicial District of the State

of New Mexico, within and for the County of Bernalillo, do hereby certify the above and

foregoing to be true, correct and complete copy of **STEPHANIE LYNN JONES  VS.**

**BRANDON CARR ET AL; CV 2010-5520** as the same remains on file and of record in my

office.


WITNESS my hand and the seal of said Court this **OCTOBER 06, 2010**.


JUANITA M. DURAN
CLERK OF THE DISTRICT COURT

By: *Barbara A Montaño*

Deputy Clerk